## Case No. 11,712.

### The REVENUE CUTTER.

[4 Sawy. 136;[1] 9 Chi. Leg. News. 115.]

District Court, D. Oregon. Dec. 11, 1876.

ACTIONS — JUDICIAL PROCEEDING — SUIT IN ADMIRALTY—UNDER STATE LAW—DISCHARGE UPON STIPULATION.

A suit in admiralty in a national court to enforce a lien given by the state law is not a judicial proceeding under such law. and therefore the United States is not entitled in such suit to have the res discharged from arrest under section 3753 of the Revised Statutes.

Application by the United States as claimant for the discharge of the vessel upon stipulation under section 3754 of the Revised Statutes.

Rufus Mallory and George Durham, for claimant.

Cyrus Dolph and Charles Upton, for libellants.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

DEADY, District Judge. On November 28, Coffin and Hendry filed their libel in this court against "the vessel known as the 'Revenue Cutter,'" alleging that such vessel is owned and was built by the Oregon Iron Works, a corporation formed under the laws of Oregon, and that said libellants, in 1876, at the special instance and request of said corporation, furnished labor and materials of the value of $3,659.20, for the rigging and equipping said vessel, which, by the laws aforesaid, constitute a lien upon the same.

On December 9, the United States intervened and filed a claim and answer of ownership of the property, and applied to the court for the discharge of the vessel upon giving a stipulation, as provided by section 3754 of the Revised Statutes. Counsel for libellants objected, upon the ground that this is not "a judicial proceeding under the laws of any state, district or territory," and therefore the case is not within the section. Section 3753, Rev. St., provides that: "Whenever any property owned or held by the United States, or in which the United States have or claim an interest, shall in any judicial proceeding under the laws of any state, district or territory, be seized, arrested, attached or held for the security or satisfaction of any claim made against such property, the secretary of the treasury, in his discretion, may direct the solicitor of the treasury to cause a stipulation to be entered into by the proper district attorney for the discharge of such property from such seizure, arrest, attachment or proceeding, to the effect that upon such discharge the person asserting the claim against such property shall become entitled to all the benefits of this and the following section." The following section (section 3754), provides, that in case the property is discharged upon any such stipulation, and final judgment is given, "affirming the claim for the security or satisfaction of which such proceedings have been instituted, and the right of the person asserting the same to enforce it against such property by means of such proceedings, notwithstanding the claims of the United States thereto, such final judgment shall be deemed, to all intents and purposes, a full and final determination of the rights of such person, and shall entitle such person, as against the United States, to such rights as he would have had in case possession of such property had not been changed;" and that any such judgment, if for the payment of money, shall be paid at the treasury out of any moneys not otherwise appropriated, provided the amount paid thereon "shall not exceed the value of the interest of the United States in the property in question."

This vessel was arrested in a suit in admiralty in this court to enforce a lien arising under the law of the state in favor of the libellants. It is therefore a "judicial proceeding," but not one under the laws of

"any state," etc. On the contrary, it is a proceeding in a court of the United States, commenced and prosecuted "under," according to, and by authority of the laws of the United States. It matters not that the right claimed by the libellant, and herein sought to be enforced, arises under a state law.

The question is not under what law does the right claimed by the libellant arise, but under what law does the proceeding take place in which the property is seized or arrested? To authorize the discharge of this vessel upon this stipulation, the "judicial proceeding" in which it is arrested must be one taken or conducted "under"—in subordination to—the law of the state. Such a proceeding can only take place in the state court. It follows that the section does not include a "judicial proceeding" in the national courts, and therefore this case is not within its purview. The origin of these two sections is not obvious. They are compiled from the act of June 11, 1864 (13 Stat. 122), entitled, "An act to authorize the secretary of the treasury to stipulate for the release from attachment or other process of property claimed by the United States and for other purposes." It is probable that the act was passed with reference to the possession of the captured and abandoned property claimed by the United States during the war with the Confederacy.

When the United States intervenes in this court to claim property in custody upon its process, it stands upon the footing of any other suitor, and can, therefore, only procure the delivery of such property upon the ordinary admiralty stipulation. The application is denied.

[Subsequently, upon the hearing, there was a decree in favor of the libelants. Case No. 11,714.]